UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

EDISON K. SPEARMAN,

    Plaintiff,

  v.

Case No. 11-cv-657-JPG-PMF

UNITED STATES
STEEL CORPORATION,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Edison Spearman's *pro se* Motion for

Leave to Proceed *in Forma Pauperis* (Doc. 2), Motion to Appoint Counsel (Doc. 3), and Motion

for Service of Process at Government Expense (Doc. 5).

**I.**    **Motion to Proceed *in Forma Pauperis* and Motion for Service of Process**

A federal court may permit an indigent party to proceed without pre-payment of fees.  28

U.S.C. § 1915(a)(1) (2006).  In determining indigence, courts must remember that  "a person

need not be absolutely destitute in order to enjoy the benefit of § 1915." *Zaun v. Dobbin*, 628

F.2d 990, 992 (7th Cir. 1980) (discussing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S.

331, 339 (1948)).  Even if a plaintiff is found to be indigent, a court can deny a qualified plaintiff

leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or

malicious.  § 1915(e)(2)(B)(i).

Here, the Court is satisfied from Spearman's affidavit that he is indigent for purposes of §

1915.  Further, the Court has reviewed the allegations of his Complaint (Doc. 2) and does not

find his claim of employment discrimination to be clearly frivolous or malicious.  Being fully

advised of the premises and for good cause shown, the Court **GRANTS** Spearman's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) without prepayment of fees and costs and Motion for Service of Process at Government Expense (Doc. 5). The Court notes, however, that should it become apparent that the action is frivolous or malicious at any time in the future, it may dismiss the case pursuant to § 1915(e)(2)(B)(i).

If Spearman wishes the United States Marshal Service to serve process in this case, the Court **DIRECTS** him to provide to the United States Marshal Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of summons, complaint and this order upon the defendants in any manner consistent with Federal Rule of Civil Procedure 4, as directed by Spearman.

## II.     Motion to Appoint

Whether to appoint an attorney to represent an indigent civil litigant requires separate analysis that is within the sound discretion of the district court. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997).

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). The Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. Members of the bar of this Court are

obligated to accept appointments, provided an appointment is not made more than once during a

12-month period. S.D. Ill. L. R. 83.1(i).

In deciding the request for counsel, the Court should consider all relevant information

with emphasis on the following factors:

(1)     plaintiff's diligence in attempting to secure counsel;
(2)     the apparent merit of plaintiff's claim;
(3)     plaintiff's ability to investigate crucial facts;
(4)     the extent to which the skill of an attorney is needed to ensure truthful exposure of the facts;
(5)     plaintiff's ability to manage the litigation and present her case; and
(6)     the complexity of the issues.

*Jackson*, 953 F.2d at 1071-73; *McNeil v. Lowney*, 831 F.2d 1368, 1371-72 (7th Cir. 1987); *see*

*Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In essence, the Court must ask, "[G]iven

the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not,

would the presence of counsel [make] a difference in the outcome?" *Farmer v. Haas*, 990 F.2d

319, 322 (7th Cir. 1993); *accord Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005).

Here, this matter does not appear to be overly complex. More importantly, the Court sees

no reason why Spearman should not be able to investigate and obtain exposure of the relevant,

underlying facts of this litigation, at least for the time being. For these reasons, the Court

**DENIES** Spearman's Motion to Appoint Counsel (Doc. 3) **without prejudice**.

**IT IS SO ORDERED.**
**DATED: August 1, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**