IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDISON K SPEARMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. **3:11-cv-00657-JPG-PMF** |
| | ) |
| UNITED STATES STEEL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is the plaintiff's motion to reconsider (Doc. 19). For the following reasons, the plaintiff's motion to reconsider (Doc. 19) is **DENIED**.

This case was filed on July 29, 2011. Doc. 1. A summons was returned executed on November 28, 2011 on the defendant. Doc. 8. A responsive pleading by the defendant was due by December 8, 2011. *Id.* On January 11, 2012, counsel for the defendant entered his appearance (Doc. 11) along with motion for leave to file a late answer (Doc. 9). The defendant stated in its motion that among the reasons for the late response that it was "unable to ascertain whether the summons was properly served and the date on which it was served." Doc. 9 at 1 ¶ 2. The motion further stated that "summons and complaint was forwarded to the legal department on January 11, 2012, and counsel was retained the same day to defend United States Steel Corporation's interest in the case." *Id.* ¶ 3. The Court deemed a response to the motion unnecessary and granted the motion citing Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure which allows the Court, for good cause, to extend the time for a responsive pleading because of excusable neglect. *See* FED. R. CIV. P. 6(b)(1)(B). Counsel for the plaintiff entered

1

his appearance four (4) days after the Court granted the (Doc. 9) motion and filed the instant (Doc. 19) motion to reconsider the Court's order twenty (20) days after the order was filed on January 12, 2012.

The plaintiff did not file his motion to reconsider pursuant to any Federal Rule of Civil Procedure.  The Court, under the law of the case doctrine, may refuse to reconsider pre-judgment matters that have already been decided. *See Pickett v. Prince*, 207 F.3d 402, 407-08 (7th Cir. 2000); *Cameo Convalescent Center, Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986).  The law of the case doctrine is "highly flexible," and district courts have discretion to reconsider pre-judgment matters that have already been decided at any time. *Pickett*, 207 F.3d at 407-08; FED. R. CIV. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").  "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D.Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984); *see also Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting language in *Keene Corp*.)).  Such motions are not "procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants." *Giampaolo v. Bartley*, Case No. 07-526-DRH, 2009 WL 4065042, 2 (S.D.Ill. Nov. 23, 2009) (citation omitted).

Here, the Court does not find a manifest error of law or fact or newly discovered evidence that would warrant reversing the January 12, 2012 decision granting the defendant's

(Doc. 9) motion for leave to file a late answer.  The Court found good cause to extend the time for a responsive pleading due to excusable neglect at that time for the reasons stated in the motion for leave.  The relevant circumstances at that time permitted such a finding. *See Sherman v. Quinn*, --- F.3d ---, 2012 WL 9292, 4 (7th Cir. 2012) (setting out the factors to consider for whether neglect is excusable).  The Court has no reason to believe that the assertions in the motion were not submitted in good faith.  Whether the reason for the delay was within the reasonable control of the movant could not be determined at that time.  The danger of prejudice to the non-moving party was minimal in light of the fact that appointed counsel had not entered his appearance at the time of the order.  The length of the delay was approximately one month, but permitting the delay would not have significantly impacted the judicial proceedings.

For the forgoing reasons, the plaintiff's motion to reconsider (Doc. 19) is **DENIED**.

**SO ORDERED.**

**DATED: February 24, 2012.**

*/s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**