IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDISON K. SPEARMAN,

    Plaintiff,

vs.

UNITED STATES STEEL CORPORATION
and RODNEY LEE,

    Defendants.

Case No. 11-cv-657-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendants' motion to dismiss Counts I and II of plaintiff's second amended complaint or, in the alternative, for summary judgment (Doc. 52). For the following reasons, the Court grants defendants' motion in its entirety.

**I.     Facts**

Plaintiff Edison K. Spearman ("Spearman") was an employee of defendant United States Steel Corporation ("U.S. Steel") located in Granite City, Illinois from April 5, 2010, to July 9, 2010. On July 9, 2010, Rodney Lee ("Lee"), an employee of U.S. Steel, terminated Spearman. Few facts are included in the complaint from which the Court can gather the details of Spearman's termination.

On April 27, 2011, Spearman filed his first charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race and sex. Specifically, the April 27, 2011, charge read as follows:

> I was employed as a Utility Person at [U.S. Steel] on April 5, 2010 until I was terminated on July 9, 2010. My supervisors were Danny Harkins, Scott Humphreys, Mark Cook and John Bardsley.

> July 9, 2010 [Lee], Department Manager stated that I "lacked initiative" and accused me of not performing my job duties and job abandonment. He also stated that I didn't know hand signals when operating an overhead crane.
>
> I believe that I was terminated because of my race African American and Sex, male in violation of Title VII of the Civil Rights Act of 1964, as amended.

Doc. 36-1, p. 1. The EEOC issued a notice of right to sue on April 27, 2011, the same day Spearman filed his first charge of discrimination. On May 2, 2011, less than a week after the first charge, Spearman filed a second charge of discrimination with the EEOC, alleging only race discrimination. Specifically, the second charge of discrimination alleged as follows:

> I was employed by the above named employer as a Utility Person on April 5, 2010. My immediate supervisor was Danny Hawkins, Scott Humphreys, Mark Cook and John Bardsley. Due to a reduction in force I was informed by [Lee], Department Manager that my employment would end on July 9, 2010.
>
> I became aware later that Sylvester Loepker, white male who was hired at the same time that I was remained employed.
>
> I believe that I was discriminated against based on my race, black in violation of Title VII of the Civil Rights Act of 1964, as Amended.

Doc. 36-3, p. 1. The EEOC issued a notice of right to sue on the same day Spearman filed the second charge of discrimination.

On July 29, 2011, Spearman filed his *pro se* complaint alleging U.S. Steel discriminated against him on the basis of race in violation of Title VII and/or 42 U.S.C. § 1981. Thereafter, Spearman retained attorney Michael Brunton who filed a notice of appearance on January 16, 2012. Brunton, on behalf of Spearman, filed his first amended complaint alleging that (1) U.S. Steel discriminated against Spearman on the basis of his race in violation of Title VII; and (2) Lee intentionally interfered with Spearman's business relationship with U.S. Steel. The second amended complaint adds a third count alleging U.S. Steel discriminated against Spearman on the basis of race in violation of 42 U.S.C. § 1981.

In their motion to dismiss, defendants argue that Counts I and II of Spearman's complaint must be dismissed because they fail to state claims upon which relief may be granted. Specifically, U.S. Steel maintains the Title VII claim must be dismissed because it was filed more than 90 days after receipt of the EEOC's notice of right to sue, and Lee asserts the state-law intentional interference with business relationship claim must be dismissed because it is preempted by federal labor law. The Court will now consider each claim in turn.

**II.     Analysis**

When considering a Rule 12(b)(6) motion to dismiss, the Court must "construe [the complaint] in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the non-moving] party's favor." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). The complaint must "contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

If the 12(b)(6) presents matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, under the incorporation-by-reference doctrine, "a court may consider 'documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to his claim.'" *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences

in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252; *accord* **Michas, 209 F.3d at 692**.

### a. Spearman's Title VII Claim is Time-Barred

U.S. Steel first alleges that the limitations period began to run from Spearman's receipt of the first notice of right to sue on April 27, 2011, and not from receipt of the second notice of right to sue on May 2, 2011. Accordingly, because Spearman filed his complaint on July 29, 2011, ninety-three days after receiving his first right-to-sue notice, U.S. Steel contends Spearman's Title VII claim is time-barred. In response, Spearman argues that U.S. Steel waived this defense because it did not raise it in its first responsive pleading and the *pro se* charge of discrimination is entitled to liberal construction. The Court notes that U.S. Steel attaches copies of the right-to-sue letters to its motion to dismiss. Because the right-to-sue letters are mentioned in the complaint and are central to the claim, the Court may consider these documents with U.S. Steel's motion to dismiss.

It is well-settled that the filing of an amended complaint supersedes previous complaints and "opens the door for defendants to raise new and previously unmentioned affirmative defenses." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Accordingly, there is no merit to Spearman's claim that U.S. Steel waived the limitations period as an affirmative defense because it was not raised in its answer to the original complaint. Thus, the Court will proceed to consider whether Spearman's complaint is time-barred.

A plaintiff must file a civil action alleging a Title VII violation within ninety days of receiving a right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Threadgill v. Moore U.S., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). A claim is appropriately dismissed as time-barred if it is filed after the expiration of the 90-day period, even in the case of *pro se* plaintiffs. *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002); *Portillo v. Zebra Techs. Corp.*, 154 F. App'x 505, 507 (7th Cir. 2005) (dismissal appropriate where *pro se* plaintiff filed complaint ninety-one days after receipt of right-to-sue notice); *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984) (dismissal appropriate where *pro se* plaintiff filed complaint ninety-two days after receipt of right-to-sue letter). "Lapsed claims are not revived by including them in a second EEOC charge and restarting the process." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1186 (10th Cir. 2006); *see also Hollimon v. Shelby Cnty. Gov't*, 325 F. App'x 406, 409 (6th Cir. 2009); *Spears v. Mo. Dep't of Corr. & Human Res.*, 210 F.3d 850, 853 (8th Cir. 2000); *Soso Lian Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2d Cir. 1986); *Price v. Greenspan*, 374 F. Supp. 2d 177, 184 (D.D.C. 2005).

Here, Spearman filed his charge of discrimination against U.S. Steel three days after the ninety-day limitations period had expired. His second charge of discrimination, filed May 2, 2011, cannot serve to resurrect the limitations period. There is no indication on the May 2, 2011,

right-to-sue letter, and Spearman does not contend, that the EEOC intended to withdraw or vacate its first right-to-sue letter. Accordingly, because Spearman failed to bring suit within ninety days of receipt of his right-to-sue letter, his complaint is untimely and the Court dismisses Count I.

### b.  Spearman's State-Law Claim is Preempted by the LMRA

Lee next argues that Spearman's intentional interference with a business relationship claim against Lee must be dismissed because it is preempted by the Labor Management Relations Act ("LMRA"). Spearman contends, however, that the claim should not be dismissed because LMRA preemption is not applicable to claims against co-employees. In support of its motion, Lee attaches the affidavit of Lydia Kachigian (Doc. 36-5) which affirms that Spearman was a union-represented employee whose employment was governed by a collective bargaining agreement. For that reason, the Court will consider this portion of the motion as one for summary judgment.

Section 301(a) of the LMRA provides

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). The Supreme Court has held that, in addition to conferring jurisdiction over collective-bargaining agreement suits, § 301 "authorizes federal courts to fashion a body of federal law for the enforcement of these collective bargaining agreements." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 403 (1988) (quoting *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 451 (1957)). To avoid inconsistent results between states, "if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of

state law . . . is pre-empted and federal labor-law principles . . . must be employed to resolve the dispute." *Lingle*, 486 U.S. at 406.  Preemption is also applicable when the claims are "*substantially dependent* on analysis of a collective-bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987) (emphasis added).

> The Supreme Court explained its policy reasons for this rule as follows:
>
> [T]he subject matter of § 301(a) "is peculiarly one that calls for uniform law." . . . The possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements.  Because neither party could be certain of the rights which it had obtained or conceded, the process of negotiating an agreement would be made immeasurably more difficult by the necessity of trying to formulate contract provisions in such a way as to contain the same meaning under two or more systems of law which might someday be invoked in enforcing the contract.  Once the collective bargain was made, the possibility of conflicting substantive interpretation under competing legal systems would tend to stimulate and prolong disputes as to its interpretation . . . [and] might substantially impeded the parties' willingness to agree to contract terms providing for final arbitral or judicial resolution of disputes.

*Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962).

However, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provision of the federal labor law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).  If the resolution of a dispute pursuant to a collective-bargaining agreement and a state-law claim "would require addressing precisely the same set of facts, as long as the state-law claim can be resolved *without interpreting the agreement itself*, the claim is 'independent' of the agreement for § 301 pre-emption purposes." *Lingle* at 409-10 (emphasis added).  For instance, in *Lingle* the Supreme Court held that the Illinois state-law claim of retaliatory discharge was not preempted by § 301 because, even though the collective bargaining agreement's just cause provision prohibited the

7

same retaliatory discharge as the state law, "such parallelism" does not "render[] the state-law analysis dependent upon the contractual analysis." *Id.* at 407-08.

At issue in the instant case is the Illinois tort of interference with a business relationship. Under this state-law cause of action, a plaintiff must establish the following elements:

> (1) the plaintiff's reasonable expectation of a future business relationship; (2) the defendant's knowledge of that expectation; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectations from ripening; and (4) damages.

*Ali v. Shaw*, 481 F.3d 942, 944 (7th Cir. 2007) (citing *Fellhauer v. City of Geneva*, 568 N.E.2d 870, 877-78 (Ill. 1991)). The Seventh Circuit, in the context of the Railway Labor Act, has already found that the first element of this state-law claim necessarily requires the court "to investigate the nature of the business relationship [between the employer and employee] to assess the degree of expectation" and thus "require[s] interpretation of the applicable collective bargaining agreement." *Griffin v. Air Line Pilots Ass'n, Int'l.*, 32 F.3d 1079, 1084 (7th Cir. 1994) (dismissing the Illinois state-law interference with prospective economic advantage in an employment relationship claim as preempted by the Railway Labor Act because it involved the interpretation of a collective bargaining agreement).

Here, Spearman was a union employee and his relationship with U.S. Steel was governed by a collective bargaining agreement. Like *Griffin*, in order for this Court to assess Spearman's expectancy of future employment, a necessary element of his claim, the Court would have to assess the nature of the relationship between Spearman and U.S. Steel. This assessment would require an interpretation of the collective bargaining agreement. Unlike *Lingle*, the analysis does not consistent of mere factual parallelism, but requires a substantive analysis of the collective bargaining agreement to determine an element of the claim. Thus, Spearman's state-law claim is preempted by the LMRA.

The Court further rejects Spearman's argument that LMRA preemption is not applicable to claims against co-workers. Applying preemption in the instant case against Lee is consistent with the Supreme Court's LMRA preemption policy – to avoid inconsistent interpretations of collective bargaining agreements. The Court also notes that Spearman fails to cite any authority supporting his proposition that preemption does not apply to co-employees. To the contrary, Lee cites a Northern District of Illinois case in which preemption was applied against a co-employee. *See Brown v. Keystone Consol. Indus., Inc.*, 680 F. Supp. 1212 (N.D. Ill. 1988) (applying preemption in a tortious interference with employment expectancy claim against a vice-president of the company). Accordingly, the Court finds LMRA preemption applicable, entitling Lee to judgment as a matter of law. The Court grants Lee's motion for summary judgment with respect to Spearman's state-law claim.

### III.     Conclusion

For the foregoing reasons, the Court **GRANTS** the defendants' motion to dismiss or, in the alternative, for summary judgment (Doc. 52). Specifically, the Court **DISMISSES** Spearman's Title VII claim against U.S. Steel and his intentional interference with a business relationship claim against Lee. Accordingly, the only remaining claim in this case is Spearman's claim arising under 42 U.S.C. § 1981 against U.S. Steel. Because no claims remain pending against Lee, the Court **DISMISSES** Lee from this case.

**IT IS SO ORDERED.**

**DATED:**  January 16, 2013

                                                   s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**